# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2024

Lyle W. Cayce
Clerk

———————

No. 24-10095
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Edwin Viera,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-353-1

———————————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Edwin Viera, federal prisoner # 59534-177, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. We review the denial of Viera's motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10095

In his pro se brief, Viera argues that there were extraordinary and compelling reasons for a reduction in his sentence because the district court, at his original sentencing, imposed "an incorrect statutory penalty" and selected a guidelines sentence that is unjust and unfair. He contends that the sentencing error provides extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(5), p.s., and that the district court erred in concluding otherwise.

Because Viera fails to show that the purported error at his sentencing is "similar in gravity" to the considerations listed in § 1B1.13(b)(1)-(4), he has not demonstrated that the district court abused its discretion in determining that he had not shown extraordinary and compelling reasons warranting a reduction in his sentence. *See* § 1B1.13(b)(5). Furthermore, "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

Viera also argues that the district court erred by failing to consider whether the 18 U.S.C. § 3553(a) sentencing factors warrant a sentence reduction. However, given its determination that Viera failed to show extraordinary and compelling reasons, the district court was not required to consider the § 3553(a) factors. *See United States v. Thompson*, 984 F.3d 431, 433-35 (5th Cir. 2021). The district court's decision is AFFIRMED.